IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN M. MILES,

      Plaintiff,

v.                                            Case No. 17-2685-DDC-TJJ

UNIFIED SCHOOL DISTRICT NO. 500,
KANSAS CITY, KANSAS and
VALERIE CASTILLO,

      Defendants.

## MEMORANDUM AND ORDER

The court commends parties who can resolve their litigated differences by settlement. But settlements must be the product of the parties knowingly and voluntarily agreeing to resolve their dispute. Here, plaintiff Susan M. Miles has filed a lawsuit in our court. She has sued her former employer—defendant Unified School District No. 500, Kansas City, Kansas ("School District")—and her former supervisor—defendant Valerie Castillo. She asserts claims under the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA"), and certain Kansas state employment laws. *See* Doc. 1.

In response, defendants have filed a Motion to Enforce Settlement (Doc. 6). It asks the court to enforce a putative settlement agreement the parties supposedly agreed to before plaintiff filed this case. Defendants' motion also asks the court to dismiss this case. In a separate motion, defendants contend that plaintiff failed to honor Federal Rule of Civil Procedure 11(b)(2) and thus the court should sanction her. *See* Doc. 13.

For reasons explained below, the court denies both motions. In part I, the court explains why it denies defendants' Motion to Enforce Settlement. And, in part II, the court explains why it denies the sanctions motion.

## I. Motion to Enforce Settlement

In their Motion to Enforce Settlement, defendants ask the court to enter an order enforcing a purported settlement agreement. On January 9, 2017, defendants assert, plaintiff and the School District entered a Mutual Release and Separation Agreement ("Settlement Agreement"). As part of this agreement, plaintiff voluntarily resigned her position with the School District and released all claims against the School District and any of its employees—including Ms. Castillo—for any claims arising from her employment.

Defendants argue that the court "has the power to summarily enforce a settlement agreement while a case is pending before the court." Doc. 7 at 4 (citing *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). But *United States v. Hardage* involves a different set of facts than presents itself here. In that case, the United States sued several waste generators and transporters seeking to require them to clean up a Superfund Site. *Id.* at 1493. The waste generators and transporters, in turn, asserted a Third-Party Complaint against a variety of third-party defendants. *Id.* While the case was pending before the court, the government settled with the waste generators and transporters and, likewise, the waste generators and transporters settled with the third-party defendants. *Id.* The parties asked the court to enter a consent decree but one third-party defendant claimed that the settlement between the waste generators and transporters and it did not bind it because the third-party defendant liaison counsel—who was the person who agreed to the settlement—did not have the power to negotiate on that third-party defendant's behalf. *Id.* The district court disagreed and entered an order

approving the consent decree without holding an evidentiary hearing to determine whether the third-party defendant liaison counsel had the authority to agree to a settlement agreement on behalf of a third-party defendant. *Id.* at 1494.

The Tenth Circuit then reversed the district court's decision, holding that the district court should have held an evidentiary hearing to determine whether the settlement agreement was enforceable. *Id.* at 1497. The Circuit explained, "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants *while the litigation is pending before it*." *Id.* (emphasis added). In contrast, defendants, here, assert that the parties entered the Settlement Agreement before this litigation began. Doc. 7 at 1 ("Accordingly, Defendants respectfully request an order from this Court enforcing the settlement which Plaintiff and Defendants entered *prior to this litigation* . . . ." (emphasis added)).

A Supreme Court case explains why the court cannot enforce the settlement agreement alleged here. In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the parties settled a lawsuit arising from the termination of an agency agreement while that suit was pending before the district court. *Id.* at 376. The parties then submitted a Stipulation and Order of Dismissal with prejudice under Fed. R. Civ. P. 41, and the district judge approved it. *Id.* at 376–77. So, the case was closed. *Id.* at 377. Shortly afterward, a dispute arose over the settlement agreement and the defendant filed a motion to enforce the settlement agreement with the district court where the case was pending. *Id.* Plaintiff opposed the motion, arguing that the district court lacked subject matter jurisdiction. *Id.* The district court granted the motion to enforce, explaining that it had "'inherent power'" to enter such an order. *Id.* (quoting district court decision). The Ninth Circuit affirmed the ruling because the "'district court has

3

jurisdiction to decide the enforcement motion under its inherent supervisory power.'" *Id.* (alterations omitted) (quoting Ninth Circuit opinion).

The Supreme Court granted certiorari and reversed the Ninth Circuit. *Id.* The Court explained its reason for reversing the Circuit, beginning with this well-established principle: "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Id.* The Court held that no Federal Rule of Civil Procedure, federal statute, or constitutional provision authorizes a court to enforce a settlement agreement after the parties to the case have dismissed it. *Id.* at 378.

But defendant argued that the district court had "ancillary jurisdiction" to enforce the settlement agreement—that is, jurisdiction over matters that are incidental to matters properly before the court. *Id.* The Supreme Court disagreed, holding that "ancillary jurisdiction" provides no basis for the court to enforce the settlement agreement at issue in *Kokkonen*. *Id.* at 379. Earlier Supreme Court cases, *Kokkonen* explained, limited federal courts' ancillary jurisdiction to two situations: (1) permitting a court to dispose of claims that are "interdependent;" and (2) allowing a court to manage its own proceedings, defend its authority, and enforce its orders. *Id.* at 379–80. *Kokkonen* did not qualify for the first scenario because the dispute over the settlement agreement involved completely different facts than those relied on by the underlying claim. *Id.* at 380. Specifically, the original dispute arose from the termination of the agency agreement; the settlement dispute arose from obligations purportedly imposed by a settlement agreement. *Id.*

*Kokkonen* didn't qualify under the second scenario either because the settlement agreement did not invoke or affect the district court's authority in any way. *Id.* at 380–81. The parties already had dismissed the case, so the court lacked any need to manage its own

proceedings. *Id.* at 380. And because the court never had referenced or incorporated the settlement agreement in an order, plaintiff's alleged breach of the settlement agreement did not implicate the court's need to defend its authority or enforce one of its orders. *Id.* at 381. So, the Supreme Court concluded, the district court lacked subject matter jurisdiction to enforce the settlement agreement.

Here, the court finds itself in a situation much like the court in *Kokkonen*. In both cases, the party seeking to enforce the settlement claims the court may use its inherent power to enforce the settlement. And neither party claimed that the Federal Rules of Civil Procedure, a statute in the United States Code, or any provision in the Constitution authorizes enforcement. The court concludes, as did *Kokkonen*, that it cannot use its inherent power to enforce the Settlement Agreement because failing to enforce it would not invoke or affect the court's authority in any way. Nor is the dispute over the Settlement Agreement interdependent with any claim already pending before the court. The Settlement Agreement claimed by defendants was not formed while the parties' case was pending before our court. So, to enforce it would not help the court manage the proceedings pending before the court. Nor will declining to enforce the purported agreement threaten the court's capacity to manage its proceedings. Likewise, not even defendants claim that the Settlement Agreement is part of some order entered by the court, much like the agreement in *Kokkonen*. Finally, the parties' dispute about enforcing the purported agreement is unrelated to plaintiff's underlying claims in the case. In short, the court lacks subject matter jurisdiction to enforce the purported settlement.

Plaintiff's response to defendants' motion suggests a different route. She argues that the court should treat defendants' motion as a motion for summary judgment because defendants' motion asks the court, in effect, to dismiss the case. But, she observes, it relies on materials

outside the Complaint.  Doc. 8 at 4.  In their Reply, defendants merely assert that they haven't made a motion for summary judgment and simply reiterate that the court has the power to enforce a settlement agreement summarily.  Doc. 12 at 2.  Alternatively, defendants suggest, the court should hold an evidentiary hearing to determine if the settlement agreement is enforceable.  *Id.* at 10.

While the court readily acknowledges that the "law favors agreements to compromise and settle disputes," *Lowery v. Cty. of Riley*, 738 F. Supp. 2d 1159, 1168 (D. Kan. 2010), that policy is no substitute for subject matter jurisdiction.  *See Kokkonen*, 511 U.S. at 378.  And though defendants might assert an affirmative defense that would enable them to present this issue by a properly supported summary judgment motion, the court cannot decide on the current record whether the parties reached an agreement barring plaintiff from recovering on her claims.

In short, the court denies defendants' Motion to Enforce Settlement (Doc. 6) and directs the parties to notify Magistrate Judge James that the case is ready for development of pretrial procedures.

## II.     Motion for Sanctions

This leaves defendants' motion for sanctions under Fed. R. Civ. P. 11.  It contends, generally, that plaintiff filed this suit frivolously because she released defendants from any liability before she sued.  *See* Doc. 13 at 2.

The court cannot possibly conclude that defendants deserve sanctions without deciding the merits of their claim that plaintiff agreed to a settlement.  As Part I explained, the court cannot decide that threshold question on the current record.  It thus denies defendants' Motion for Sanctions (Doc. 13) without prejudice.

### III.  Conclusion

For reasons explained above, the court denies defendants' Motion to Enforce Settlement (Doc. 6) and their Motion for Sanctions (Doc. 13).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Enforce Settlement (Doc. 6) is denied.

**IT IS FURTHER ORDERED THAT** defendants' Motion for Sanctions (Doc. 13) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of June, 2018, at Topeka, Kansas.**

> s/ Daniel D. Crabtree_____
> **Daniel D. Crabtree**
> **United States District Judge**