2448.3199

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SUSAN MILES,                      )
                                   )
             Plaintiff,       )
                                   )
vs.                              )      **Case No. 17-2685-DDC-TJJ**
                                 )
UNIFIED SCHOOL DISTRICT NO. 500,  )
KANSAS CITY, KANSAS and       )
VALERIE CASTILLO,           )
                                 )
             Defendants.     )
                                 )

## DEFENDANT USD NO. 500'S ANSWER AND COUNTERCLAIMS

**COMES NOW** Defendant Unified School District No. 500, Wyandotte County, Kansas ("USD No. 500"), and in answer to Plaintiff's Complaint (ECF No. 1) states as follows:

## PARTIES

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

2.     With respect to the allegations set forth in paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-8201, *et seq.*  Pursuant to K.S.A. 72-8201, Defendant may only be sued as "Unified School District No. 500, Wyandotte County, Kansas." Fed.R.Civ.P. 9(a). Defendant denies the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint (ECF No. 1).

3.     With respect to the allegations set forth in paragraph 3 of Plaintiff's Complaint (ECF No. 1), Defendant Valerie Castillo is a school principal and employee of defendant. The

remaining allegations set forth in paragraph 3 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

## NATURE OF ACTION

4.      Defendant denies the allegations set forth in paragraph 4 of Plaintiff's Complaint (ECF No. 1).

5.      The allegations set forth in paragraph 5 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

6.      The allegations set forth in paragraph 6 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

## JURISDICTION AND VENUE

7.      The allegations set forth in paragraph 7 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant. To the extent an answer is required, the allegations set forth in paragraph 7 of Plaintiff's Complaint (ECF No. 1) are denied.

8.      The allegations set forth in paragraph 8 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant. To the extent an answer is required, the allegations set forth in paragraph 8 of Plaintiff's Complaint (ECF No. 1) are denied.

9.      The allegations set forth in paragraph 9 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering

defendant. To the extent an answer is required, the allegations set forth in paragraph 9 of Plaintiff's Complaint (ECF No. 1) are denied.

10.     The allegations set forth in paragraph 10 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant. To the extent an answer is required, the allegations set forth in paragraph 10 of Plaintiff's Complaint (ECF No. 1) are denied.

11.     The allegations set forth in paragraph 11 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant. To the extent an answer is required, the allegations set forth in paragraph 11 of Plaintiff's Complaint (ECF No. 1) are denied.

12.     The allegations set forth in paragraph 12 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant. To the extent an answer is required, the allegations set forth in paragraph 12 of Plaintiff's Complaint (ECF No. 1) are denied.

## ADMINISTRATIVE REMEDIES

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

15.     The allegations set forth in paragraph 15 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

16.     Defendant denies the allegations set forth in paragraph 16 of Plaintiff's Complaint (ECF No. 1).

17.     Defendant denies the allegations set forth in paragraph 17 of Plaintiff's Complaint (ECF No. 1).

## FACTUAL BASIS

18.     Defendant incorporates paragraphs 1 – 17 of its Answer as though set forth fully herein.

19.     With respect to the allegations set forth in paragraph 19 of Plaintiff's Complaint (ECF No. 1), Defendant states that Plaintiff was employed by Respondent as a teacher pursuant to a written one-year employment contract for the 2016-17 school year at McKinley Elementary School.

20.     With respect to the allegations set forth in paragraph 20 of Plaintiff's Complaint (ECF No. 1), Defendant states that Plaintiff was employed by Respondent as a teacher pursuant to a written one-year employment contract for the 2016-17 school year at McKinley Elementary School.

21.     With respect to the allegations set forth in paragraph 21 of Plaintiff's Complaint (ECF No. 1), Defendant Castillo is the principal at McKinley Elementary School. The remaining allegations set forth in paragraph 21 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

24.     Defendant admits the allegations set forth in paragraph 24 of Plaintiff's Complaint (ECF No. 1).

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

26.     The allegations set forth in paragraph 26 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

27.     The allegations set forth in paragraph 27 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

29.     Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint (ECF No. 1).

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

33.     Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint (ECF No. 1).

34.     Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint (ECF No. 1).

35.     Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint (ECF No. 1).

36.     Defendant denies the allegations set forth in paragraph 36 of Plaintiff's Complaint (ECF No. 1).

37.     With respect to the allegations set forth in paragraph 37 of Plaintiff's Complaint (ECF No. 1), Defendant states that Plaintiff was employed by Defendant USD No. 500 as a teacher pursuant to a written employment contract for the 2016-17 school year.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

45.     Defendant denies the allegations set forth in paragraph 45 of Plaintiff's Complaint (ECF No. 1). Plaintiff entered into a Mutual Release and Separation Agreement with Defendant USD No. 500 which was executed by Plaintiff on January 9, 2017 under which Plaintiff voluntarily resigned from her employment.

46.     Defendant denies the allegations set forth in paragraph 46 of Plaintiff's Complaint (ECF No. 1).

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

50.     Defendant denies the allegations set forth in paragraph 50 of Plaintiff's Complaint (ECF No. 1).

## COUNT I

51.     Defendant incorporates paragraphs 1 – 50 of its Answer as though set forth fully herein.

52.     The allegations set forth in paragraph 52 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

53.     The allegations set forth in paragraph 53 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

54.     The allegations set forth in paragraph 54 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

55.     The allegations set forth in paragraph 55 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

56.     Defendant denies the allegations set forth in paragraph 56 of Plaintiff's Complaint (ECF No. 1).

57.     Defendant denies the allegations set forth in paragraph 57 of Plaintiff's Complaint (ECF No. 1).

58.     Defendant denies the allegations set forth in paragraph 58 of Plaintiff's Complaint (ECF No. 1).

59.     Defendant denies the allegations set forth in paragraph 59 of Plaintiff's Complaint (ECF No. 1).

60.     Defendant denies the allegations set forth in paragraph 60 of Plaintiff's Complaint (ECF No. 1).

61.     Defendant denies the allegations set forth in paragraph 61 of Plaintiff's Complaint (ECF No. 1).

62.     Defendant denies the allegations set forth in paragraph 62 of Plaintiff's Complaint (ECF No. 1).

## COUNT II

63.     Defendant incorporates paragraphs 1 – 62 of its Answer as though set forth fully herein.

64.     The allegations set forth in paragraph 64 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

65.     Defendant denies the allegations set forth in paragraph 65 of Plaintiff's Complaint (ECF No. 1).

66.     The allegations set forth in paragraph 66 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

67.     Defendant denies the allegations set forth in paragraph 67 of Plaintiff's Complaint (ECF No. 1).

68.     Defendant denies the allegations set forth in paragraph 68 of Plaintiff's Complaint (ECF No. 1).

## COUNT III

69.     Defendant incorporates paragraphs 1 – 68 of its Answer as though set forth fully herein.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

72.     Defendant denies the allegations set forth in paragraph 72 of Plaintiff's Complaint (ECF No. 1).

73.     Defendant denies the allegations set forth in paragraph 73 of Plaintiff's Complaint (ECF No. 1).

74.     Defendant denies the allegations set forth in paragraph 74 of Plaintiff's Complaint (ECF No. 1).

75.     Defendant denies the allegations set forth in paragraph 75 of Plaintiff's Complaint (ECF No. 1).

76.     Defendant denies the allegations set forth in paragraph 76 of Plaintiff's Complaint (ECF No. 1).

77.     Defendant denies the allegations set forth in paragraph 77 of Plaintiff's Complaint (ECF No. 1).

78.     Defendant denies the allegations set forth in paragraph 78 of Plaintiff's Complaint (ECF No. 1).

## COUNT IV

79.     Defendant incorporates paragraphs 1 – 78 of its Answer as though set forth fully herein.

80.     The allegations set forth in paragraph 80 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

81.     The allegations set forth in paragraph 81 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 81 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

82.     The allegations set forth in paragraph 82 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 82 of Plaintiff's Complaint (ECF No. 1).

83.     The allegations set forth in paragraph 83 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 83 of Plaintiff's Complaint (ECF No. 1).

84.     The allegations set forth in paragraph 84 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 84 of Plaintiff's Complaint (ECF No. 1).

85.     The allegations set forth in paragraph 85 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 85 of Plaintiff's Complaint (ECF No. 1).

86.     The allegations set forth in paragraph 86 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 86 of Plaintiff's Complaint (ECF No. 1).

87.     The allegations set forth in paragraph 87 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 87 of Plaintiff's Complaint (ECF No. 1).

88.     The allegations set forth in paragraph 88 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 88 of Plaintiff's Complaint (ECF No. 1).

89.     The allegations set forth in paragraph 89 of Plaintiff's Complaint are not directed to this answering defendant, and, therefore, no answer is required. If such answer is required, Defendant denies the allegations set forth in paragraph 89 of Plaintiff's Complaint (ECF No. 1).

<u>**COUNT V**</u>

90.     Defendant incorporates paragraphs 1 – 89 of its Answer as though set forth fully herein.

91.     Defendant admits the allegations set forth in paragraph 91 of Plaintiff's Complaint (ECF No.1).

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

94.     The allegations set forth in paragraph 94 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

95.     Defendant denies the allegations in paragraph 95 of Plaintiff's Complaint (ECF No. 1).

96.     Defendant denies the allegations in paragraph 96 of Plaintiff's Complaint (ECF No. 1).

97.     Defendant denies the allegations in paragraph 97 of Plaintiff's Complaint (ECF No. 1).

98.     Defendant denies the allegations in paragraph 98 of Plaintiff's Complaint (ECF No. 1).

## COUNT VI

99.     Defendant incorporates paragraphs 1 – 98 of its Answer as though set forth fully herein.

100.    The allegations set forth in paragraph 100 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

101.    The allegations set forth in paragraph 101 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

102.    The allegations set forth in paragraph 102 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

103.    The allegations set forth in paragraph 103 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

104.    The allegations set forth in paragraph 104 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

105.    The allegations set forth in paragraph 105 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering defendant.

106. Defendant denies the allegations in paragraph 106 of Plaintiff's Complaint (ECF No. 1).

107. Defendant denies that Plaintiff suffered any damages and denies that Plaintiff is entitled to any of the relief requested in paragraph 107 of Plaintiff's Complaint (ECF No. 1).

108. Defendant denies that its conduct has caused Plaintiff any damages. Defendant denies causation, the nature and extent of Plaintiff's damages.

109. Plaintiff's Demand for a jury trial contained on page 15 of her Complaint (ECF No. 1) does not lend itself to either admission or denial. Defendant denies that Plaintiff is entitled to a jury trial on some or all of her claims.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint (ECF No. 1) fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by settlement and release where Defendant entered into a valid and binding settlement and release which forever releases and discharges Defendant from any and all rights, claims and actions arising out of her employment with Defendant, including those now brought in Plaintiff's Complaint (ECF No. 1).

3. Defendant denies that any of its employees or agents, acting within the course and scope of their agency or employment, violated any duty owed or caused any damage or injury to Plaintiff or retaliated against Plaintiff.

4. Defendant has not municipal policy or custom which violates the rights of Plaintiff.

5. Plaintiff has failed to sufficiently plead grounds for municipal liability against Defendant.

6.      Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

7.      Plaintiff's damages are barred or reduced, in whole or in part, by the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*

8.      Plaintiff's damages, if any, are limited in whole or in part by the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

9.      Defendant has, at all times, acted rationally or reasonably, in good faith, without fraud or malice, without discriminatory or retaliatory intent, and for legitimate non-discriminatory/non-retaliatory reasons.

10.     Defendant took no adverse action against Plaintiff, and/or Defendant at all times has legitimate non-retaliatory reasons for all adverse employment actions alleged by Plaintiff.

11.     Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination/retaliation; and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

12.     Plaintiff does not have a "disability" that qualifies under the ADA, therefore the provisions of the ADA are not applicable to Plaintiff's allegations.

13.     Plaintiff was not a qualified individual with a disability under the ADA.

14.     Plaintiff's claims under the ADA, if any, are limited to the claims set forth in her EEOC charge.

15.     Plaintiff's claims are barred by the doctrine of preclusion or preemption.

16.     Plaintiff's claims are banned, in whole or in part, by the doctrine of laches.

17.     Plaintiff is not entitled to punitive or liquidated damages of any kind against Defendant.

18.     Plaintiff's claims for equitable relief, if any, are barred in whole or in part by the existence of an adequate remedy at law.

19.     All applicable statutory caps for damages limit any damage alleged to have been suffered or incurred by Plaintiff, the existence of such damages Defendant specifically denies.

20.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

21.     Plaintiff's claims are barred, in whole or in part, by settlement.

22.     Plaintiff's claims for back pay, if any, must be offset by her interim or imputed earnings.

23.     Plaintiff was afforded due process of law.

24.     To the extent Plaintiff claims entitlement to any due process in connection with the statutory changes to K.S.A. 72-2252, Plaintiff was provided such due process by virtue of the legislative process by the Kansas legislature.

25.     Plaintiff's allegations and other factual contentions have no evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

26.     This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling Defendant to its costs, including reasonable attorney's fees, incurred in defending this action.

27.     Pursuant to K.S.A. 72-1131, Defendant may only be sued as "Unified School District No. 500, Wyandotte County, Kansas", therefore Plaintiff has failed to properly name the Defendant in this action.

28.     Defendant incorporates by reference the defenses and authorities raised in its motion to enforce settlement and release and memorandum in support previously filed.

29.     Defendant reserved the right to assert any further defendants which may become apparent during the course of discovery.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff that it be awarded its costs, including reasonable attorneys' fees, incurred in defending this action and such other relief as the Court deems fair, just and equitable.

## DEFENDANT USD NO. 500'S COUNTERCLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW** Defendant Unified School District No. 500, Wyandotte County, Kansas ("USD No. 500"), and for its Counterclaims against Plaintiff Susan Miles alleges and states:

1.     Susan Miles is an individual who is a resident of the State of Kansas, residing at 6325 W. 73rd Terrace, Overland Park, Kansas.

2.     Defendant Unified School District No. 500, Wyandotte County, Kansas is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-1131, *et seq.*

3.     This court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367, as said Counterclaim is so related to Plaintiff's claims that it forms a part of the same case or controversy. This Counterclaim arises out of the transactions or occurrences that are the subject matter of Plaintiff's claims, namely, Plaintiff's former employment with USD No. 500.

4.     Plaintiff Susan Miles was employed by USD No. 500 as a teacher pursuant to a written employment contract for the 2016-17 school year.

5.     Plaintiff entered into a Mutual Release and Separation Agreement with USD No. 500 which was executed by Plaintiff on January 9, 2017, and by USD No. 500 on January 10, 2017.   Mutual Release and Separation Agreement, a copy of which is attached as Exhibit 1 (hereinafter "Agreement"); Fed.R.Evid. 201.

6.     Through the Agreement, Plaintiff voluntarily resigned from her employment with USD No. 500.   Exhibit 1, at ¶ 1.

7.     Through the Agreement, Plaintiff agreed to completely release USD No. 500 and any of its employees from any and all claims arising out of, relating to or in connection with her employment with USD No. 500 to specifically include any claims under the ADA, the FMLA, and any and all state or federal claims, either statutory or by common law.   Exhibit 1, at ¶ 8.

8.     Plaintiff's voluntary resignation was accepted by USD No. 500's Board of Education on January 10, 2017.   A true and accurate copy of the minutes from the meeting of the USD No. 500 Board of Education on January 10, 2017 are attached hereto as Exhibit 2; Fed.R.Evid. 201.

9.     Plaintiff has failed, refused and neglected to comply with the terms and conditions of the settlement agreement by filing a Charge of Discrimination against USD No. 500 with the Equal Employment Opportunity Commission (EEOC) asserting claims for disability discrimination and retaliation on or about March 22, 2017.

10.     Plaintiff has further failed, refused and neglected to comply with the terms and conditions of the settlement agreement by commencing this action by way of a Complaint against Defendant USD No. 500 and Defendant Castillo, an employee of Defendant USD No. 500.

11.     On or about December 12, 2017, counsel for Defendants sent a letter to Plaintiff's counsel in this action making him aware of the Mutual Release and Separation Agreement previously entered into by Plaintiff and requesting that he voluntarily dismiss Plaintiff's Complaint. A true and accurate copy of the December 12, 2017 correspondence is attached as hereto as Exhibit 3.

12.     To date, Plaintiff has failed and refused to dismiss her previously settled and resolved claims.

13.     Plaintiff has violated and failed to comply with the terms of the Mutual Separation and Release Agreement by bringing the claims set forth in the Complaint (ECF No. 1) against USD No. 500.

14.     Due to Plaintiff's refusal to comply with the terms of the Agreement, Defendant USD No. 500 has suffered and will continue to suffer damages and irreparable harm.

## COUNT I - BREACH OF CONTRACT

15.     USD No. 500 incorporates by reference the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16.     Plaintiff Susan Miles executed the Mutual Release and Separation Agreement on January 9, 2017.

17.     Plaintiff's voluntary resignation was accepted by the Board of Education, and USD No. 500 executed the Mutual Release and Separation Agreement on January 10, 2017.

18.     The Agreement expressly provides in Section 9 that: "Employee on behalf of herself, her heirs, successors and assigns acknowledges that she has had the opportunity to consult with her own legal counsel and seek independent advice prior to this release." Exhibit 1at ¶ 9.

19.     Further, Section 13 expressly provides that:

13.     **Acknowledgment.**  Both parties hereby acknowledge and affirm that it is their intention to execute this Agreement with each other in good faith.  Additionally, Employee acknowledges and affirms that:

a.     Her election to accept this Agreement is entirely voluntary.
b.     She has read and understands this Agreement.

Exhibit 1, at ¶ 13.

20.     Finally, the last paragraph of the Agreement specifies that:

I, SUSAN MILES, AGREE THAT I AM VOLUNTARILY ENTERING INTO THIS BINDING AGREEMENT.  I ACKNOWLEDGE THAT MY SEPARATION FROM MY EMPLOYMENT WITH KANSAS CITY, KANSAS UNIFIED SCHOOL DISTRICT NO. 500, WYANDOTTE COUNTY, KANSAS IS EFFECTIVE IN ACCORDANCE WITH THE TERMS SET OUT IN THIS DOCUMENT.

Exhibit 1, at ¶ 13.

21.     The parties entered into a valid and binding agreement in the Mutual Release and Separation Agreement.

22.     Under the Agreement, Plaintiff agreed to completely release Defendant USD No. 500 and any of its employees from any and all claims arising out of, relating to or in connection with her employment with Defendant USD No. 500 to specifically include any claims under the ADA, the FMLA, and any and all state or federal claims, either statutory or by common law. Exhibit 1 at ¶ 8.

23.     By bringing her claims arising out of her employment in the Complaint (ECF No. 1), Susan Miles has failed to completely release USD No. 500 from any and all claims arising out of, relating to or in connection with her employment.

24.     Susan Miles in is breach of the Agreement.

25.     USD No. 500 suffers and will continue to suffer harm and incur unnecessary expense and costs as a result of Susan Miles' breach of the Agreement.

WHEREFORE, USD No. 500 prays the Court enter its Order finding Susan Miles in breach of the Mutual Separation and Release Agreement, for damages incurred as a result of the breach, for its costs, and for such other and further relief as the Court deems just and equitable.

## COUNT II - SPECIFIC PERFORMANCE

26.     USD No. 500 restates and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

27.     Susan Miles is in breach of the Mutual Release and Separation Agreement.

28.     Due to Susan Miles' breach of the Agreement, USD No. 500 suffers and will continue to suffer harm and incur unnecessary expense in defending against the frivolous claims made in the Complaint (ECF No. 1), which directly contravene the terms of the Agreement, until such time as the claims are dismissed in their entirety.

29.     Because Susan Miles is in breach of the Agreement, and because no remedy at law will adequately address the harm arising from said breach, USD No. 500 is entitled to an order requiring Susan Miles to specifically perform her obligations under the Agreement.

WHEREFORE, USD No. 500 prays the Court enter its Order for Specific Performance requiring Susan Miles to perform each and every obligation set forth in the Agreement, for its costs, and for such other and further relief as the Court deems just and equitable.

## COUNT III - DECLARATORY AND INJUNCTIVE RELIEF

30.     USD No. 500 restates and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

31.     Pursuant to 28 U.S.C. § 2201 *et seq.,* this Court has the power to declare the rights, status, and other legal relations of USD No. 500 and Susan Miles under the Mutual

Separation and Release Agreement entered into by the parties as it relates to the claims she now makes in her Complaint (ECF No. 1) under various federal and state employment laws.

32.     Pursuant to Fed. R. Civ. P. 65, the Court has the power to grant an order requiring a party to do or refrain from doing a particular act as both a final judgment or a provisional remedy.

33.     At the time Susan Miles voluntarily resigned from her employment with USD No. 500, she agreed to completely release USD No. 500 and any of its employees from any and all claims arising out of, relating to or in connection with her employment with USD No. 500 to specifically include any claims under the ADA, the FMLA, and any and all state or federal claims, either statutory or by common law.  Exhibit 1, at ¶ 8.

34.     Despite the settlement and release previously agreed to by the parties, Susan Miles now pursues claims arising out of her employment against USD No. 500 in the Complaint (ECF No. 1).

35.     Susan Miles has previously released USD No. 500 for any and all such claims she now pursues in the Complaint (ECF No. 1) under the terms of the Agreement.

36.     There exists a genuine dispute between Susan Miles and USD No. 500 as to whether she may pursue the claims in her Complaint (ECF No. 1), and whether such claims are barred by the Agreement.

37.     By way of the Agreement, USD No. 500 expected to be released from any and all claims brought by Susan Miles related to her employment, including those now brought in her Complaint (ECF No. 1).

38.    USD No. 500 will suffer and continues to suffer irreparable injury and harm in the event that relief is not granted and Susan Miles continues to pursue, and the Defendant is forced to continue to defend, the claims in the Complaint (ECF No. 1).

39.    USD No. 500 seeks a declaratory judgment under the provisions of K.S.A. § 60-1701 *et seq.* finding and declaring that the parties entered into a valid and binding agreement; that under such agreement Susan Miles released USD No. 500 for any and all claims arising out of or related to her employment with USD No. 500; and that the claims in the Complaint (ECF No.1) have been released by Plaintiff and are barred by the Agreement.

40.    USD No. 500 further seeks a temporary and permanent injunction restraining and enjoining Susan Miles from pursuing her claims in the Complaint (ECF No. 1) against USD No. 500 on the basis that she previously released USD No. 500 for any and all such claims, and to prevent further irreparable harm that would result from USD No. 500 having to continue to incur cost and expense in defending Plaintiff's frivolous and baseless claims.

WHEREFORE, for the foregoing reasons, USD No. 500 prays for a Declaratory Judgment under the provisions of K.S.A. § 60-1701, *et seq.*, finding and declaring that Susan Miles breached the Mutual Separation and Release Agreement by refusing to honor the release contained therein and pursuing the claims in her Complaint (ECF No. 1), and for temporary and permanent injunctive relief enjoining Plaintiff from further action in violation of the Agreement.

NOW, THEREFORE, Defendant USD No. 500, for its Counterclaims, requests that the Court enter judgment in its favor and against Plaintiff as follows:

a)    A declaratory judgment that the parties entered into a valid and binding agreement; that under such agreement Susan Miles released USD No. 500 for any and all claims

arising out of or related to her employment with USD No. 500; and that the claims in the Complaint (ECF No.1) have been released by Plaintiff and are barred by the Mutual Separation and Release Agreement; and that Susan Miles breached the Mutual Separation and Release Agreement by refusing to honor the release contained therein and pursuing the claims in her Complaint (ECF No. 1);

b)      A restraining order, preliminary injunction and permanent injunction ordering Susan Miles to dismiss the Complaint (ECF No. 1) and withdraw her claims against USD No. 500 which have been released by the Mutual Separation and Release Agreement;

c)      A restraining order, preliminary injunction and permanent injunction restraining and enjoining Susan Miles from continuing to pursue the claims in her Complaint (ECF No. 1);

d)      An order of specific performance that Susan Miles honor the release of USD No. 500 from any and all claims arising out of or related to her former employment with USD No. 500 pursuant to the terms of the Mutual Separation and Release Agreement;

e)      Damages incurred by Defendant USD No. 500 as a result Susan Miles' breach of the Mutual Separation and Release Agreement;

f)      Fees and costs incurred in defending Plaintiff's baseless claims; and

g)      Such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Defendant USD No. 500 requests that the Court grant a jury trial on all counts of its verified counterclaims so triable.

## PLACE OF TRIAL

Defendant USD No. 500 designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Telephone:    (913) 371-3838
Facsimile:    (913) 371-4722
E-mail:        ggoheen@mvplaw.com


By:  /s/ Gregory P. Goheen
          GREGORY P. GOHEEN        #16291

Attorneys for Defendants Unified School District No. 500,
Wyandotte County, Kansas, and Valerie Castillo

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which provided notice to the following individuals on this the 20th day of June, 2018.

Michael Stipetich
Smith Mohlman Injury Law, LLC
4600 Madison Avenue, Suite 71
Kansas City, MO 64112

Attorneys for Plaintiff


          /s/ Gregory P. Goheen