# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUSAN M. MILES,

        Plaintiff,

v.

UNIFIED SCHOOL DISTRICT NO. 500,
KANSAS CITY, KANSAS and
VALERIE CASTILLO,

        Defendants.

Case No. 17-2685-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Susan Miles's lawsuit arises from her discharge as a teacher at McKinley Elementary School in Kansas City, Kansas. Plaintiff filed suit against two defendants: Unified School District No. 500, Kansas City, Kansas ("the District") and Valerie Castillo. Doc. 1. Ms. Castillo is the Principal of McKinley Elementary School. Relevant here is the single claim plaintiff brings against Ms. Castillo: Plaintiff alleges that Ms. Castillo discriminated and retaliated against plaintiff for taking leave under the Family Medical Leave Act ("FMLA").

Ms. Castillo has moved to dismiss plaintiff's FMLA claim against her under Federal Rule of Civil Procedure 12(b)(6). Doc. 17. She makes four arguments supporting dismissal. First, she contends that the Complaint fails to allege facts sufficient to show that she was plaintiff's "employer," as defined by the FMLA. Second, she asserts that the Complaint does not allege facts capable of establishing that plaintiff engaged in an FMLA-protected activity. Third, Ms. Castillo argues that the Complaint fails to allege facts sufficient to show that Ms. Castillo took

materially adverse action against her. Fourth, Ms. Castillo contends, even if plaintiff pleaded a sufficient FMLA claim, qualified immunity protects her from suit.

Plaintiff then filed a Response. Doc. 27. And Ms. Castillo filed a timely Reply. Doc. 30. After considering the arguments and authorities presented in the parties' papers, the court denies Ms. Castillo's Motion to Dismiss.

## I. Facts

The following facts come from plaintiff's Complaint. Doc. 1. The court accepts the facts asserted in the Complaint as true and views them in the light most favorable to plaintiff. *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

Defendant Unified School District No. 500, Kansas City, Kansas ("the District") entered into a teaching contract with plaintiff in 2007. This contract automatically renewed every year. In 2016, plaintiff worked at McKinley Elementary School. Ms. Castillo was McKinley's Principal. Ms. Castillo supervised plaintiff's work and had the ability to make decisions affecting the terms and conditions of plaintiff's employment with the District.

On April 8, 2016, a McKinley student tripped plaintiff while she was teaching. Plaintiff fell, knocking her unconscious. As a result, plaintiff suffered a concussion, occipital nerve damage, a back sprain, a neck sprain, and a foot fracture. She was diagnosed with occipital neuralgia and post-concussive syndrome, which caused vision problems, severe headaches, confusion, and dizziness. On May 11, 2016, plaintiff applied for FMLA leave because of her occipital neuralgia. The District approved plaintiff's request and gave her medical leave for the remainder of the 2015–16 school year. Later that month, Ms. Castillo directed plaintiff to complete all her lesson plans for the next school year before she began her FMLA leave. And, in

May 2016, while plaintiff was on FMLA leave, Ms. Castillo made plaintiff return to school and clean out her classroom at the end of the school year. While plaintiff completed these tasks, Ms. Castillo implored plaintiff to return to work.

Plaintiff and the District allowed plaintiff's contract to renew automatically for the 2016–17 school year. On August 16, 2016, the District approved plaintiff's second FMLA request extending her leave through November 2, 2016. At the end of this leave, the District then approved an unpaid leave of absence from November 3, 2016, to January 4, 2017. In December 2016, the District's worker's compensation physician released plaintiff to return to work, effective January 4, 2017. Plaintiff then went to McKinley to deliver the doctor's work release forms to Ms. Castillo. While she was there, plaintiff asked Ms. Castillo what she had missed while she was gone. Ms. Castillo responded, "Half a year of school." Ms. Castillo later told plaintiff, "[Y]ou need to get out of here so our people can work." On January 4, 2017, Ms. Castillo, either individually or in concert with the District, discharged plaintiff's employment.

## II.    Legal Standard

On a motion to dismiss for failure to state a claim, the court accepts all facts pleaded by the non-moving party as true and draws any reasonable inferences in favor of the non-moving party. *Brokers' Choice of Am. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court

3

reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, simply "will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This is so because the court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 557 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)).

## III. Discussion

### A. Plaintiff's Complaint States a Plausible Claim That Ms. Castillo is Plaintiff's Employer Under the FMLA.

When a plaintiff brings an FMLA retaliation or discrimination claim, plaintiff must establish that the defendant is her employer. 29 U.S.C. § 2615(a)(1), (2). The FMLA defines an "employer" as "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer. *Id.* § 2511(4)(A)(ii)(I). And, 29 C.F.R. § 825.104(d) provides additional context:

> An employer includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees. The definition of employer in section 3(d) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 203(d), similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee. As under the FLSA, individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of FMLA.

The Tenth Circuit has not decided whether an individual supervisor may be an "employer" under the FMLA, and thus liable for FMLA violations. But, in *Saavedra v. Lowe's Home Centers,*

4

*Inc.*, District Judge James Browning, after reviewing the relevant case law, found that the majority of circuit courts confronting the issue had concluded that individuals may be held liable as "employers" under the FMLA. 748 F. Supp. 2d 1273, 1283 (D.N.M. 2010) (citing *Darby v. Bratch*, 287 F.3d 673, 680–81 (8th Cir. 2002) (other citations omitted)); *see also Saavedra*, 748 F. Supp. 2d at 1284 (collecting district court cases in the Tenth Circuit and holding that the FMLA provides for individual liability). The court predicts that, if presented with this issue, the Tenth Circuit would follow the majority view and hold that an individual may be subject to liability as an "employer" under the FMLA. *See Richards v. Schoen*, No. 17-4080-SAC, 2018 WL 447731, at *5 (D. Kan. Jan. 17, 2018) (following the holding of the "majority of the courts" and concluding that "the FMLA allows for suits against public officials in their individual capacity"). *But see Abrogast v. Kansas*, No. 13-4007-JAR, 2014 WL 1304939, at *4 (D. Kan. Mar. 31, 2014) (concluding "that public officials are not 'employers' subject to liability under the FMLA").

Judge Browning then posited that the Tenth Circuit would apply the "economic-reality test" to decide which individual would be considered "employers" under the FMLA. *Id.* at 1293; *see also Cordova v. New Mexico*, 283 F. Supp. 3d 1028, 1039 (D.N.M. 2017). The court finds Judge Browning's reasoning persuasive, and also agrees that the Tenth Circuit, if presented with this question, would apply the economic reality test here. "'The economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records.'" *Cordova*, 283 F. Supp. 3d at 1039 (quoting *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)). The court also should consider the defendant's involvement and control over the plaintiff's ability to take

FMLA leave. *Id.* at 1040. No single one of these factors controls the result. *Id.* at 1039. And, contractual terminology does not bind the court. *Baker*, 137 F.3d at 1440. Instead, "'courts ask whether the alleged employer possessed the power to control the worker in question, with an eye to the economic reality presented by the facts of each case.'" *Cordova*, 283 F. Supp. 3d at 1039–40 (quoting *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016)).

Specifically, at the motion to dismiss stage, plaintiff need not allege specific facts about defendant's authority and control over plaintiff, particularly when factual issues dominate that analysis. *Id.* at 1040 (citing *Saavedra*, 748 F. Supp. 2d at 1294–95).

The allegations in plaintiff's Complaint relevant to the economic reality test, viewed in plaintiff's favor, are as follows: Ms. Castillo served as the school Principal of McKinley Elementary School and directly supervised plaintiff. Doc. 1 (Compl. ¶¶ 1, 21). Ms. Castillo had the ability to make decisions affecting the terms and conditions of plaintiff's employment. *Id.* Specifically, Ms. Castillo predicated plaintiff's FMLA leave upon her completing certain tasks. *Id.* at ¶¶ 31–32. Ms. Castillo also made plaintiff come in and work during her FMLA leave. *Id.* Plaintiff delivered her FMLA work release form to Ms. Castillo, and Ms. Castillo made disparaging comments about plaintiff's absence from work. *Id.* at ¶ 44. Ms. Castillo, either individually or acting in concert with the District, discharged plaintiff from her employment on January 4, 2017, the day plaintiff was scheduled to resume work. *Id.* at ¶ 84.

In response, Ms. Castillo contends that plaintiff cannot satisfy the economic-reality test because, as a matter of law, the District is plaintiff's employer. Ms. Castillo notes that Kansas law governs much of plaintiff's employment status. For example, Kansas law provides that only the local board of education can terminate a teacher's employment. Kan. Stat. Ann. § 72-2251(a). And Kansas law dictates that contracts are binding between the teacher and board of

education only. *Id.* § 72-2216. Ms. Castillo also argues that the board of education sets plaintiff's salary and benefits, citing Kan. Stat. Ann. § 72-2219.[1]

While Ms. Castillo cites many statutes that appear to give a great deal of power over employment to the District, the court must ask whether Ms. Castillo "possessed the power to control [plaintiff], *with an eye to the economic reality presented by the facts of each case.*" *Cordova*, 283 F. Supp. 3d at 1039–40 (internal quotation and citation omitted). And, the court notes, "'[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted' under Rule 8(a)(2) of the Federal Rules of Civil Procedure." *Saavedra*, 748 F. Supp. 2d at 1293–94 (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted), *cert. denied*, — U.S. —, 130 S. Ct. 1142 (2010). The court concludes that plaintiff's Complaint has pleaded sufficient facts at the motion to dismiss stage to satisfy her burden under the economic reality test: A reasonable jury could infer, if it accredited the facts she has alleged, that Ms. Castillo controlled the decision whether plaintiff could take FMLA leave and, if so, the terms of this leave; that Ms. Castillo exercised discretion over the terms and conditions of plaintiff's employment; and that Ms. Castillo exercised power, alone or in concert with the District, to fire plaintiff.

It is true that the Complaint never alleges that Ms. Castillo determined plaintiff's rate of pay or that Ms. Castillo maintained employment records. But, plaintiff is not required to satisfy all four factors at the motion to dismiss stage. *See Saavedra*, 748 F. Supp. 2d at 1295 ("Although the Plaintiffs directly satisfy only two of the Tenth Circuit's four factors, the Court

---

[1] But this provision only provides that unionized teachers must negotiate with the board of education. It is unclear whether non-unionized teachers must negotiate with the board of education.

believes that, viewing the facts in the light most favorable to the Plaintiffs, the allegations are sufficient, given the Tenth Circuit's economic-reality test, to defeat the motion to dismiss."). In short, plaintiff has pleaded sufficient facts to allow the parties to discover more details about the degree of Ms. Castillo's control over plaintiff's employment. *See Cordova*, 283 F. Supp. 3d at 1040–41 (holding plaintiff's Complaint sufficiently alleged that a defendant was plaintiff's employer when the Complaint stated that defendant was plaintiff's supervisor and alleged facts that defendant took some part in alleged FMLA violation). Plaintiff has met her burden by pleading facts sufficient to support a reasonable jury's conclusion that Ms. Castillo was plaintiff's employer under the FMLA.

   B.   **Plaintiff's Complaint States a Plausible FMLA Retaliation and Discrimination Claim.**

Next, defendant argues that the Complaint does not plead a plausible FMLA retaliation claim.[2] An FMLA retaliation claim is analyzed under the familiar *McDonnell Douglas* burden shifting approach. *Metzler v. Fed Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). This approach first requires the plaintiff to establish a prima facie case of retaliation or discrimination. *Id.* If plaintiff carries that burden, the analysis shifts the next burden to defendant, requiring it to prove a legitimate, non-discriminatory reason for its adverse

---

[2]   Count IV of plaintiff's Complaint asserts an "FMLA Discrimination/Retaliation" claim against Ms. Castillo. "'This circuit has recognized two theories of recovery under [29 U.S.C.] § 2615(a): an entitlement or interference theory arising from § 2615(a)(1), and a retaliation or discrimination theory arising from § 2615(a)(2)." *Dalpiaz v. Carbon Cty.*, 760 F.3d 1126, 1131 (10th Cir. 2014) (quoting *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006)). "These two theories of recovery are separate and distinct theories that 'require different showings[,] differ with respect to the burden of proof,' and 'differ with respect to the timing of the adverse action.'" *Id.* (quoting *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007)). The court thus construes plaintiff's Complaint to assert a claim under the retaliation or discrimination theory, s*ee* 29 U.S.C. § 2615(a)(2), but not an interference or entitlement theory. If plaintiff intends to pursue a claim under an interference or entitlement theory, she must seek leave to amend her Complaint. *See Dalpiaz*, 760 F.3d at 1132 (finding plaintiff waived any claim of FMLA retaliation by "failing to plead such a claim in her complaint and by failing to object when both opposing counsel and the district court characterized her FMLA claim as relying solely on an interference theory").

employment decision. *Id.* If defendant carries this burden, plaintiff then must show that defendant's proffered reason is pretext. *Id.*

A prima facie case of retaliation or discrimination requires that: (1) plaintiff engaged in protected activity; (2) defendant took action that a reasonable employee would consider adverse; and (3) a causal connection exists between the protected activity and the adverse action. *Id.*

Defendant argues that plaintiff has not pleaded facts capable of establishing the first two elements of her prima facie case. Thus, the court considers whether, under plaintiff's alleged facts, a reasonable jury could find that (1) plaintiff engaged in protected activity, and (2) defendant took action that a reasonable employee would consider adverse.

### 1. Protected Activity

The court first considers whether plaintiff engaged in a protected activity. Defendant argues that plaintiff's claim fails because she did not plead that she was on FMLA leave when she was discharged. Doc. 18 at 7 (citing *Ney v. City of Hoisington*, 508 F. Supp. 2d 877, 887–88 (D. Kan. 2007)). Because plaintiff's FMLA leave ended on November 2, 2016, and plaintiff was not discharged until January 4, 2017, defendant contends, plaintiff has no retaliation claim to assert.

Defendant overreads *Ney*; in that case, the parties tasked our court to decide whether a plaintiff pursuing a retaliation claim had satisfied the protected activity element by merely being qualified to take leave, as opposed to applying and taking leave. *Ney*, 508 F. Supp. 2d at 886–87. Our court concluded that "[t]he case law and pertinent regulations make clear that in order for a plaintiff to 'avail' herself of the FMLA, she must fill out the appropriate paperwork and actually elect to take such leave." *Id.* at 887. Plaintiff has pleaded those elements in her Complaint. Doc. 1 at 6 (Pl.'s Compl. ¶¶ 38–39). Also, "[t]he FMLA's protection against retaliation is not

limited to periods [when] an employee is on FMLA leave, but encompasses the employer's conduct both during and after the employee's FMLA leave." *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 768–69 (5th Cir. 2001), *abrogated on other grounds by Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016). Thus, plaintiff has cleared the low bar and pleaded facts that, if true, can establish a plausible claim that she engaged in a protected FMLA activity.

Defendant also contends that plaintiff did not engage in a protected activity because plaintiff, by her own admission, could not return to work at the end of her FMLA leave. Defendant is nearly correct: the FMLA does allow employers to terminate an employee who cannot return to work after her 12 weeks of leave have expired. *See McClelland v. CommunityCare HMO, Inc.*, 503 F. App'x 655, 659 (10th Cir. 2012) (first citing 29 U.S.C. § 2614(a)(3)(B); then citing *Hunt v. DaVita, Inc.*, 680 F.3d 775, 779–80 (7th Cir. 2012)). But, defendant's argument goes too far—this inability to return may provide a valid reason to discharge plaintiff, but it is a reason the court will consider at summary judgment or a later stage in the case. *See id.* (holding defendant employer entitled to summary judgment when employer offered a legitimate non-retaliatory reason for plaintiff's termination, *i.e.*, plaintiff could not return at the end of her FMLA leave, and plaintiff did not respond with evidence of pretext). Here, at the motion to dismiss stage, the plaintiff, to state a plausible claim, need only plead facts establishing a prima facie case of retaliation. *See Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 539 (10th Cir. 2014) ("[P]laintiff's burden at the prima facie stage requires only a small amount of proof necessary to create an inference of discrimination or retaliation by a preponderance of the evidence" (internal citations and quotations omitted)). So, assuming plaintiff meets her initial burden, she has stated a claim, and the court should deny a motion to dismiss. *See Garrett*

10

*v. Hewlett-Packard, Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002) (noting that at the prima facie stage, the plaintiff "need not overcome [defendant's] proffered legitimate, nondiscriminatory reasons"). This plaintiff's Complaint plainly alleges that she applied for and received permission to take FMLA leave in 2016. Taking FMLA leave is a protected activity. Plaintiff thus sufficiently has pleaded that she engaged in a protected activity.[3]

### 2. Adverse Action

The court also finds that the Complaint plausibly alleges that plaintiff sustained a materially adverse action. Plaintiff "need only show 'that a reasonable employee would have found the challenged action materially adverse.'" *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 n.2 (10th Cir. 2006) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 n.2 (10th Cir. 2006)). And, any reasonable employee would consider termination materially adverse. *Id.* Ms. Castillo argues that (1) plaintiff does not allege that Ms. Castillo terminated plaintiff's employment, and (2) as a matter of law, Ms. Castillo's alleged disparaging comments to plaintiff cannot satisfy a materially adverse action.

---

[3] Ms. Castillo relies on several FMLA interference or entitlement cases to support her position. But, as the Tenth Circuit has explained, interference claims and retaliation claims have different elements and proceed under a different burden of proof. *Dalpiaz*, 760 F.3d at 1131 (quoting *Metzler*, 464 F.3d at 1170); *see also Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F. Supp. 2d 963, 978 (E.D. Va. 2012) ("It is true . . . that once an employee exceeds the duration of her FMLA leave, the employer is not obligated by FMLA to keep that position open or reinstate the employee upon her return. That an employer may have a legitimate basis for its employment decision does not, however, provide it with a complete defense to a 'proscriptive' retaliation claim."). For example, the cases cited by defendant focus on the second element of an interference claim—*i.e.*, plaintiff must show that some adverse action taken by her employer interfered with her rights to take FMLA leave. These cases stand for the proposition that an employer cannot interfere with an employee's right to reinstatement if the employee cannot return to work at the end of his or her FMLA leave. See *Glover v. DCP Midstream GP, LLC*, 549 F. App'x 713, 715 (10th Cir. 2013) (finding that plaintiff's FMLA interference claim failed at summary judgment because plaintiff "received the leave due to him under the FMLA, but was unable to return to work at the end of this leave"); *Talkin v. Deluxe Corp.*, Civ. Act. No. 05-2305-CM, 2007 WL 1469648 at *4 (D. Kan. May 18, 2007) ("When he returned in November, plaintiff was not returning from FMLA leave and thus cannot state an entitlement claim under the FMLA."); *DeGraw v. Exide Techs.*, 744 F. Supp. 2d, 1199, 1215 (D. Kan. 2010) ("[T]he FMLA requires that an employee be restored by the employer to the position of employment held by the employee when the [FMLA] leave commenced. It is unlawful for any employer to interfere with that right." (internal citations and quotations omitted)).

But, plaintiff's Complaint is clear on this point: "At all times relevant hereto and as alleged herein above, [Ms.] Castillo, individually or in concert with Defendant took materially adverse employment actions against Plaintiff, including failing to return Plaintiff to her teaching position with Defendant and discharging Plaintiff's employment." Doc. 1 at 11–12 (Pl.'s Compl. ¶ 84); *see also id.* at 7 (Pl. Compl. ¶ 45) (alleging discharge on or about January 4, 2017). Taking plaintiff's factual allegations as true, the court holds that plaintiff has pleaded facts sufficient for a reasonable jury to conclude that Ms. Castillo took materially adverse action by discharging plaintiff's employment.

### C. Ms. Castillo is Not Entitled to Qualified Immunity

Last, Ms. Castillo contends that she is entitled to qualified immunity. A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

First, as discussed above, the court concludes that a reasonable jury could conclude that Ms. Castillo violated plaintiff's FMLA rights when she allegedly discharged plaintiff for exercising her FMLA leave.

Second, the court finds that this right is clearly established. On this point, defendant argues that *Harville v. Texas A&M University* is persuasive. 833 F. Supp. 2d 645 (S.D. Texas 2011). In *Harville*, a former researcher sued Texas A&M and three university officials, alleging FMLA violations among other claims. *Id.* at 651. The district court found the university officials were entitled to qualified immunity. The court reasoned that the plaintiff's asserted

12

right was not clearly established because, when she was discharged, plaintiff "had missed more than the eight days per month that she was medically authorized to miss . . . [so,] at the time of her termination, whether she would have been entitled to more FMLA leave was not 'clearly established.'" *Id.* at 655 (internal citation omitted).

Here, at the motion to dismiss stage, plaintiff's case is different. Unlike *Harville*, plaintiff does not allege that she missed more time after her FMLA leave in violation of company policy. Instead, plaintiff alleges—and the court accepts as true at the motion to dismiss stage— that plaintiff and defendants agreed that plaintiff would take additional unpaid leave and resume teaching on January 4, 2017. *See Gray v. Baker*, 399 F.3d 1241, 1245 (10th Cir. 2005) (finding that defendants could not claim good faith qualified immunity "given the clear requirements of the FMLA" that "they were unaware that a particular course of conduct would be violative of the FMLA"); *see also Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) ("The Family and Medical Leave Act creates clearly established statutory rights, including the right to be free of discrimination or retaliation on account of one's exercise of leave rights granted by the statute."). Accepting plaintiff's pleaded facts as true, the court concludes that the right asserted—the right to be free from retaliation or discrimination when using FMLA-approved leave—is clearly established by the plain language of the Act. Thus, plaintiff has pleaded facts sufficient to overcome Ms. Castillo's qualified immunity defense at the pleading stage.

## IV. Conclusion

For reasons explained above, the court denies Ms. Castillo's Motion to Dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Ms. Castillo's Motion to Dismiss (Doc. 17) is denied.

**IT IS SO ORDERED.**

**Dated this 16th day of October, 2018, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
