# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUSAN M. MILES,

    **Plaintiff,**

v.

UNIFIED SCHOOL DISTRICT NO. 500,
KANSAS CITY, KANSAS and
VALERIE CASTILLO,

    **Defendants.**

Case No. 17-2685-DDC-TJJ

## MEMORANDUM AND ORDER

Before the court is defendant Unified School District No. 500, Kansas City, Kansas's Motion for Temporary Restraining Order/Injunction and Stay of Proceedings. Doc. 20. Plaintiff Susan M. Miles filed a Response. Doc. 23. Defendant filed a Reply. Doc. 30. The court conducted a hearing on defendant's motion on October 18, 2018. Considering the parties' presentation of the issues at the hearing and further clarification of dispositive issues, the court now stays the case proceedings until the court rules on the enforceability of a purported settlement agreement between the parties.

**I.    Facts**

Plaintiff is a former teacher at McKinley Elementary School. She has sued her former employer—Unified School District No. 500, Kansas City, Kansas ("the School District")—and Valerie Castillo—the Principal at McKinley Elementary. Plaintiff brings claims under the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA"), and certain Kansas state employment

laws. In response, the School District contends that the court should enforce a Mutual Separation and Release Agreement ("the Agreement") the parties purported to agree to before plaintiff filed suit. Defendant contends the Agreement, if valid, provides a complete defense to plaintiff's claims. Doc. 20 at 3. Plaintiff contends she signed the Agreement based on fraud or duress. Doc. 23 at 2.

## II.     Analysis

The Agreement's enforceability is a threshold issue warranting partial discovery, a separate trial, and a stay of case proceedings. The court bases its decision on the development of the parties' briefing on defendant's Motion for Temporary Restraining Order/Injunction and Stay of Proceedings, as well as the parties' candid responses at the October 18 hearing.

First, the court will limit discovery to whether a Mutual Separation and Release Agreement signed by plaintiff and defendant before plaintiff filed suit is enforceable. The court concludes that resolution of this threshold issue will help to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. So, the court directs plaintiff to propound its written discovery on this issue under Federal Rule of Civil Procedure 34 as directed during the October 18 hearing. Defendant must respond within 14 days of receiving plaintiff's discovery requests. The court further directs the parties to notify Magistrate Judge Teresa J. James promptly of any discovery disputes. Naturally, they first must confer about it in an effort to resolve any disputes before contacting Judge James.

Second, following discovery, the court will conduct a bench trial on this issue—the enforceability of the Agreement—per the parties' stipulation at the October 18 hearing. The court may order separate trials "'[f]or convenience, to avoid prejudice, or to expedite and economize.'" *Soc'y of Prof'l Eng'g Emps. in Aerospace v. Boeing Co.*, Nos. 05-1251-JWB, 07-

1043-JWB, 2018 WL 3495855, at *5 (D. Kan. July 20, 2018) (quoting Fed. R. Civ. P. 42(b)). And, "[c]ourts have 'broad discretion in deciding whether to sever issues for trial.'" *Id.* (quoting *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985)). "'The party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience.'" *Id.* (citing *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010) (further citation omitted)).

The court, in its discretion, finds that bifurcation on the threshold issue of the Agreement's enforceability is warranted under Fed. R. Civ. P. 42(b). *See Locke v. Atchison, Topeka & Santa Fe Ry. Co.*, 309 F.2d 811 (10th Cir. 1962) (holding that trial court did not abuse its discretion by granting a separate trial on the issue of whether mutual mistake prevented defendant from raising existence of release as affirmative defense). First, resolving the threshold issue of the Agreement's validity will promote the expedient and fair resolution of the case because defendant contends that the Agreement provides a complete defense to all of plaintiff's claims. And, the parties have stipulated to a bench trial on this issue, *see* Fed. R. Civ. P. 39(a), 42(b); thus, a jury need not be empaneled, minimizing the burden on judicial resources. For convenience, and to expedite and economize this case, the court determines a separate trial on the threshold issue of the Agreement's enforceability is warranted.

The court thus sets a pretrial conference on this issue for January 24, 2019, in Courtroom #476 at 4:00 p.m. A trial date on this issue will be set at the pretrial conference. Last, all other case proceedings will be stayed until the court resolves this threshold issue.

## III. Conclusion

For reasons explained above, the court grants defendant's Motion for Temporary Restraining Order/Injunction and Stay of Proceedings in part.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Temporary Restraining Order/Injunction and Stay of Proceedings (Doc. 20) is granted in part.

**IT IS FURTHER ORDERED THAT** defendant's motion for a stay of proceedings is granted.  The parties shall conduct discovery and pretrial proceedings pursuant to this Order.

**IT IS SO ORDERED.**

**Dated this 26th day of October, 2018, at Kansas City, Kansas.**

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**